1

2

3                                UNITED STATES DISTRICT COURT

4                              NORTHERN DISTRICT OF CALIFORNIA

5

6    **VICTOR BOYCE**,                                Case No.  15-cv-02263-YGR

                        Plaintiff,
7
                                                     **ORDER DENYING DEFENDANTS' MOTION**
          v.
8                                                    **FOR SUMMARY JUDGMENT**

     **INDEPENDENT BREWERS UNITED**                  Re: Dkt. No. 33
9    **CORPORATION, *et al.*,**

10                      Defendants.

11        Plaintiff Victor Boyce ("Plaintiff") brings this action against Independent Brewers United

12   Corporation and North American Breweries, Inc. (together "Defendants") in connection with his

13   employment at their brewery facility in Berkeley, California, for violation of Fair Labor Standards

14   Act ("FLSA"), 29 U.S.C. § 207(a)(1).  Plaintiff contends he was improperly denied overtime pay

15   as a result of Defendants' misclassification of him as an exempt employee during the relevant time

16   under the FLSA, 29 U.S.C. § 213.  Based thereon, Plaintiff seeks overtime pay for actual hours

17   worked during the relevant time, liquidated damages, and attorney fees.

18        Currently before the Court is Defendants' motion for summary judgment on the issue of

19   whether Plaintiff was properly classified as "exempt" from overtime under the FLSA.  (Dkt. No.

20   33, "Mtn.")  Having carefully considered the papers submitted, the evidence, oral argument, and

21   the pleadings in this action, and for the reasons stated on the record on January 26, 2016 and

22   discussed more fully below, the Court hereby **DENIES** Defendants' motion for summary judgment.

23        **I.        BACKGROUND**

24        The fundamental dispute focuses on whether Plaintiff was an exempt employee under the

25   FLSA's executive exemption, as defined in 29 C.F.R. § 541.100(a), during the relevant claim

26   period.  (*See* Mtn.)  More specifically, the issue is whether Defendants properly classified Plaintiff

27   as exempt from this requirement as an "employee in a bona fide executive…capacity" during the

28   relevant claim period.  29 U.S.C. § 213(a)(1).

*United States District Court*
*Northern District of California*

1

2

3

The FLSA exempts an employee as a "bona fide executive" if an employee meets four requirements, three of which the parties agree are met here.  Only the second, or "primary duty" requirement is in dispute, and describes a bona fide executive as one:

4

5

> Whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;

6

7

29 C.F.R. § 541.100(a)(2).  In other words, the sole issue is whether Boyce's primary duty during the relevant claim period was his managerial responsibilities.

8

## II.    LEGAL STANDARDS AND FRAMEWORK

9

10

11

12

13

14

15

16

17

18

A party may move for summary judgment on a "claim or defense."  Fed.R.Civ.P. 56(a).  Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Any party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).  Material facts are those that might affect the outcome of the case.  *Anderson v. Liberty Lobby. Inc.,* 477 U.S. 242, 248 (1986).  A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.  *Id.* Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

19

20

21

22

23

24

25

26

27

Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Soremekun v. Thrifty Payless Inc.,* 509 F.3d 978, 994 (9th Cir. 2007); *see also* Fed.R.Civ.P. 56(c), (e). When deciding a summary judgment motion, a court must view the evidence in the light most favorable to the nonmoving party and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255; *Hunt v. City of Los Angeles*, 638 F.3d 703, 709 (9th Cir. 2011). A district court may only base a ruling on a motion for summary judgment upon facts that would be admissible in evidence at trial.  *In re Oracle Corp. Sec. Litig*., 627 F.3d 376, 385 (9th Cir. 2010); Fed.R.Civ.P. 56(c).

28

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1    Moreover, "[i]t is the burden of the employer to show entitlement to an exemption from

2    the FLSA." *Baldwin v. Trailer Inns, Inc.*, 266 F.3d 1104, 1112 (9th Cir. 2001).  "To that end,

3    FLSA exemptions are to be narrowly construed against…employers and are to be withheld except

4    as to persons plainly and unmistakenly within their terms and spirit." *Id*. at 1112 (quoting *Klem v.*

5    *County of Santa Clara*, 208 F.3d 1085, 1089 (9th Cir. 2000)).  "The scope of the employee's

6    duties is a question of fact, but the question of whether their particular activities excluded them

7    from the overtime benefits of the FLSA is a question of law." *Smalley v. Home Depot U.S.A.,*

8    *Inc.*, 2013 WL 1402348, at *7 (N.D.Cal. Apr. 5, 2013) (internal quotations omitted).

9    Here, the regulations provide guidance as to the work responsibilities that qualify as

10   "management."  That list includes, but is not limited to:

> interviewing, selecting and training of employees; setting and
> adjusting their rates of pay and hours of work; directing the work of
> employees; maintaining production or sales records for use in
> supervision or control; appraising employees' productivity and
> efficiency for the purpose of recommending promotions or other
> changes in status; handling employee complaints and grievances;
> disciplining employees; planning the work; determining the
> techniques to be used; apportioning the work among the employees;
> determining the type of materials, supplies, machinery, or equipment
> or tools to be used or merchandise to be bought, stocked and sold;
> controlling the flow and distribution of materials or merchandise and
> supplies; providing for the safety and security of the employees or
> the property; planning and controlling the budget; and monitoring or
> implementing compliance measures.

29 C.F.R. § 541.102.

21   The regulations further provide that the "term 'primary duty' means the principal, main,

major or most important duty that the employee performs." 29 C.F.R. § 541.700(a).

"Determination of an employee's primary duty must be based on all the facts in a particular case,

with the major emphasis on the character of the employee's job as a whole." *Id*.  When an

employee performs managerial and non-exempt work, the regulations provide non-exhaustive

factors are to be considered when determining whether the employee's primary duty is

management or the non-exempt work:

> (1)    The amount of time spent performing exempt work;

3

United States District Court
Northern District of California

1

2

3

4

          (2)      the relative importance of the exempt duties as compared with other types of duties;

          (3)      The employee's relative freedom from direct supervision; and

          (4)      The relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee.

5

6

29 C.F.R. § 541.700(a).   These four factors guide the analysis and Defendants have failed to establish unequivocally that they are satisfied.

7

**III.    CONCLUSION**

8

9

10

As the Court will have to conduct the analysis upon a more comprehensive record of factual testimony after a bench trial, it declines to render any further preliminary findings at this time.  The motion for summary judgment is **DENIED**.

11

12

13

14

15

16

The Court **SETS** a Case Management Conference to be held in this case on Monday, **May 23, 2016** at **2:00 p.m.**, at the Ronald V. Dellums Federal Building, Oakland in Courtroom 1.  The parties shall file a joint case management conference statement seven days in advance of the case management conference date.  The statement must include all elements requested in the "Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement."

17

This Order terminates Docket Number 33.

18

**IT IS SO ORDERED.**

19

Dated: February 1, 2016

20

21

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

22

23

24

25

26

27

28

4