UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VICTOR BOYCE**,<br><br>             Plaintiff,<br><br>   v.<br><br>**INDEPENDENT BREWERS UNITED CORPORATION, ET AL.**,<br><br>             Defendants. | Case No.  15-cv-02263-YGR<br><br>**ORDER REGARDING THE PROPER MEASURE OF DAMAGES**<br><br>Re: Dkt. No. 96, 97 |

Plaintiff Victor Boyce brings this action against defendants Independent Brewers United Corporation and North American Breweries, Inc. in connection with his employment at their brewery facility in Berkeley, California, for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. section 207(a)(1).  Plaintiff contends he was improperly denied overtime pay as a result of defendants' misclassification of him as an exempt employee during the relevant time under the FLSA, 29 U.S.C. section 213.  Based thereon, plaintiff seeks overtime pay for actual hours worked during the relevant time, liquidated damages, and attorney fees.

On September 27, 2016, the parties entered into a stipulated request asking the Court to rule on the proper method to measure plaintiff's damages to further settlement discussions prior to trial. (Dkt. No. 90.)  The Court granted such request. (Dkt. No. 91.)  Now before the Court are the parties' cross-motions for summary judgment as to the proper method for calculating plaintiff's damages should he ultimately succeed. (Dkt. Nos. 96, 97.)  Defendants contend the "Fluctuating Workweek" (the "FWW") calculation is the appropriate measure of damages for overtime pay in this case.  Plaintiff seeks the contrary finding, namely that the Court should apply the conventional one and one-half times calculation for overtime wages.

Having carefully reviewed the pleadings and the papers submitted,[1] and for the reasons set forth more fully below, the Court **DENIES** defendants' motion and **GRANTS** plaintiff's motion.[2]

## I. BACKGROUND

Plaintiff initiated this action against defendants on May 20, 2015. On September 29, 2015, defendants filed a motion for summary judgment, requesting that the Court find plaintiff was properly classified as exempt from the FLSA's overtime requirements because of his managerial position. (Dkt. No. 33.) More specifically, defendants argued that plaintiff was properly classified as exempt from the overtime requirements as an "employee in a bona fide executive . . . capacity" during the relevant claim period. 29 U.S.C. § 213(a)(1). The hearing on this motion was held on January 26, 2016. (Dkt. No. 55.) On February 1, 2016, the Court issued its order denying defendants' motion for summary judgment. (Dkt. No. 56.) The Court found that it needed to conduct the analysis "upon a more comprehensive record of factual testimony" to determine whether plaintiff was properly classified as "exempt" during the relevant time period. (*Id.*) Should the Court determine that plaintiff is not exempt from the FLSA, plaintiff may be entitled to damages, including wages for hours worked in excess of forty hours per week.

On September 27, 2016, the parties requested that the Court rule on the proper measure of damages, should plaintiff ultimately succeed. (Dkt. No. 90.) Defendants argue that such measure should be based on the FWW method, which allows employers to pay employees 50% of an employee's regular wage rate for each overtime hour worked in certain fee arrangements. (Dkt. No. 97.) Plaintiff submits the conventional statutory method pursuant to 29 U.S.C. section 207(a)—i.e., overtime as one and one half the regular rate—applies instead. (Dkt. No. 96.)

---

[1] This matter was set for hearing on November 15, 2016. The Court vacated the hearing and notified the parties that it would reset the hearing for a later date. However, the Court finds that a hearing on these motions is unnecessary and issues the following order without oral arguments. *See* Fed. R. Civ. P. 78.

[2] Because of the manner in which this issue was briefed, the Court emphasizes that such ruling is limited only to the calculation of damages during the time periods in which the Court finds plaintiff was actually misclassified, if any. The Court can conceive of situations in which the nature of plaintiff's work shifted during the time period at issue in this action, such that he may have been properly classified at some points but not others. Such issues shall be reserved for trial.

**II. DISCUSSION**

**A. The Fair Labor Standards Act and the Fluctuating Work Week**

In 1938, Congress enacted the FLSA to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being." 29 U.S.C. § 202(a). To that end, the FLSA requires employers to pay overtime compensation for hours worked longer than forty hours per week "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a). The "employee's 'regular rate' is 'the hourly rate that the employer pays the employee for the normal, nonovertime forty-hour workweek." *Zulewski v. Hershey Co.*, No. 11-CV-5117-KAW, 2013 WL 633402, at *1 (N.D. Cal. Feb. 20, 2013) (citation omitted).

In *Overnight Motor Transport Co. v. Missel*, 316 U.S. 572 (1942), the Supreme Court held that employers can provide an alternative overtime compensation for employees who are paid a "fixed weekly wage regardless of the length of the work," now referred to as the FWW method. *Id.* at 580. In *Missel*, only four years after the passage of the FLSA, the Supreme Court was tasked with determining the application of the FLSA to an employee working irregular hours for a fixed weekly wage. *Id.* at 574. There, the petitioner contended that the FLSA allowed employers and employees to "contract for a fixed weekly wage . . . restricted only by the requirement that the wages should comply with the minimum wage schedule of the [FLSA], with overtime pay at time and a half that minimum." *Id.* at 575. Thus, petitioner argued, because the wage paid to the employee was sufficient to cover both the weekly wage and wages equal to time and a half of the minimum wage, the petitioner had complied with the requisites of the FLSA. *Id.* To the contrary, the Supreme Court held that the FLSA required "payment for overtime at time and a half the *regular* pay, where that pay is above the minimum, as well as where the regular pay is at the minimum." *Id.* at 578 (emphasis supplied).

The Supreme Court further found "[n]o problem . . . in assimilating the computation of overtime for employees under contract for a fixed weekly wage for regular contract hours which are the actual hours worked, to similar computation for employees on hourly rates." *Id.* Specifically:

3

> Where the employment contract is for a weekly wage with variable or fluctuating hours the same method of computation produced the regular rate for each week. As that rate is on an hourly basis, it is regular in the statutory sense inasmuch as the rate per hour does not vary for the entire week, though week by week the regular rate varies with the number of hours worked. It is true that the longer the hours the less the rate and the pay per hour. This is not an argument, however, against this method of determining the regular rate of employment for the week in question. Apart from the [FLSA] if there is a fixed weekly wage regardless of the length of the workweek, the longer the hours the less are the earnings per hour.

*Id.* In such situations, the Supreme Court noted such agreements needed to contain a "provision for additional pay in the event the hours worked required minimum compensation greater than the fixed wage" and that employers could avoid violating the FLSA if compensation covered "both base pay and fifty per cent additional for the hours actually worked over the statutory maximum." *Id.*

In 1968, the Department of Labor promulgated 29 C.F.R. section 778.114, an interpretive rule intended to codify the Supreme Court's decision in *Missel*. *See Russell v. Wells Fargo & Co.*, 672 F. Supp. 2d 1008, 1011–12 (N.D. Cal. 2009). The rule offers a more detailed explanation of the FWW method and explains when it may be used. In pertinent part, the rule provides:

> An employee employed on a salary basis may have hours of work which fluctuate from week to week and the salary may be paid him pursuant to an understanding with his employer that he will receive such fixed amount as straight time pay for whatever hours he is called upon to work in a workweek, whether few or many. Where there is a clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number, rather than for working 40 hour or some other fixed weekly work period, such a salary arrangement is permitted by the Act if the amount of the salary is sufficient to provide compensation to the employee at a rate not less than the applicable minimum wage rate for every hour worked in those work weeks in which the number of hours he works is greatest, and if he receives extra compensation, in addition to such salary, for all overtime hours worked at a rate not less than one-half his regular rate of pay. Since the salary in such a situation is intended to compensate the employee at straight time rates for whatever hours are worked in the workweek, the regular rate of the employee will vary from week to week and is determined by dividing the number of hours worked in the workweek into the amount of the salary to obtain the applicable hourly rate for the week. Payment for overtime hours at one-half such rate in addition to the salary satisfies the overtime pay requirement because such hours have already been compensated at the straight time regular rate, under the salary arrangement.

29 C.F.R. § 778.114.[3]  Thus, according to the interpretive rule, the FWW method can be employed where there is a "clear mutual understanding" between the parties that the "fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek." *Id.*; *see also Zulewski*, 2013 WL 633402, at *2.  Additionally, the rule requires that any such overtime premiums be paid contemporaneously with regular pay.  29 C.F.R. § 778.114(c).

Defendants argue that such a method is the proper measure of damages for the case at bar based on the Supreme Court's decision in *Missel*.  Plaintiff, on the other hand, urges that such is inappropriate in a misclassification case because there could have been no "clear mutual understanding" between the parties and overtime premiums would not have been paid contemporaneously with regular pay.  The federal courts are divided as to whether the FWW method can be applied retroactively to misclassification cases such as this, and the Ninth Circuit has yet to address the issue directly.[4]  The Court thus proceeds with an analysis of the extant case law to determine the appropriate method for measuring damages here.

### B.   Applicability of FWW to Misclassification Cases

The First, Fourth, Fifth, Seventh, Tenth, and Eleventh Circuits have considered the question and found that FWW may be used to calculate damages where employees were misclassified as exempt from the FLSA.  District courts in the Second and Ninth Circuits are split on the issue.  *See Banford v. Entergy Nuclear Ops., Inc.*, 649 F. App'x 89, 91 (2d Cir. 2016) (not holding either way but acknowledging that the circuits identified have applied the FWW method

---

[3] Defendant argues that such an interpretive rule is not binding. However, as the court in *Russell* found, because the rules are the DOL's "long-standing interpretation of the FLSA, the Court accords them respect, as required by *Skidmore v. Swift & Co.*, 323 U.S. 134 (1994)." *Russell*, 672 F. Supp. 2d at 1011 n.1.

[4] Defendants cite *General Electric Co. v. Porter*, 208 F.2d 805 (9th Cir. 1953) arguing that it provides binding authority on the applicability of FWW to misclassification cases.  However, *Porter* predates 29 C.F.R. section 778.114, and therefore, the Ninth Circuit had no occasion to consider the impact of such interpretative rule on the use of FWW in situations analogous to the case at hand.  Additionally, there, petitioners did not challenge the "correctness of the method used by the trial court" but rather argued that their "employment was not at a fixed monthly wage" because they had never agreed to such.  *Id.* at 812.  Thus, the Ninth Circuit was not asked to determine whether FWW was the proper method in a misclassification case.

5

1   and noting that the district courts within the Second Circuit are split on the issue).[5] The Court

2   joins its sister courts in the Northern District of California and other Second and Ninth Circuit

3   districts in finding that the FWW method of calculating damages is not applicable in

4   misclassification cases:

Some circuit courts have approved the use of FWW based on 29 C.F.R. section 778.114. For instance, in *Clements v. Serco, Inc.*, 530 F.3d 1224 (10th Cir. 2008), the Tenth Circuit explained that section 778.114 requires only that the employers and the employees have a "clear mutual understanding" that while the "employee's hours may vary, his or her base salary will not." *Id.* at 1230. It does not, the Tenth Circuit states, require that the parties agree on how "overtime premiums would be calculated." *Id.*; *see also Valerio v. Putnam Assocs. Inc.*, 173 F.3d 35, 38–40 (1st Cir. 1999); *Blackmon v. Brookshire Grocery Co.*, 835 F.2d 1135, 1138–39 (5th Cir. 2013).

Such interpretation of the rule, however, appears to ignore its full text. The rule provides that the employees have a "clear mutual understanding . . . that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek." 29 C.F.R. § 778.114. In a misclassification case, the parties entered into an agreement on the presumption that the employee was not entitled to any overtime premiums and, therefore, there could not have been any clear mutual understanding that the compensation being provided did not include such premiums. As the court in *Zulewski* explained, if the employees were "found to be misclassified as exempt employees, the inquiry regarding whether individual [employees] 'consented' to a FWW is improper because when employees are misclassified, they have unwittingly agreed to forego their entitlement to overtime—a right which cannot be waived." *Zulewski*, 2013 WL 633402, at *5; *see also Russell*, 672 F. Supp.2d at 1014; *Blotzer v. L-3 Comm'cs Corp.*, No. 11-CV-274-TUC-JGZ, 2012 WL 6086931, at *10 (D. Ariz. Dec. 6, 2012). Additionally, section 778.114 requires that payment of overtime be contemporaneous with regular pay, which could never be satisfied in a

---

[5] In *Banford*, the Second Circuit held that the evidence supported the jury's verdict that "no plaintiff agreed to a fixed weekly salary covering unlimited hours, making it unnecessary to apply the FWW method." *Id.* Here, the parties do not dispute the nature of plaintiff's employment agreement, but rather only whether he was misclassified as exempt from the FLSA's overtime requirements.

1    misclassification case. *See Russell*, 672 F. Supp. 2d at 1014.[6] Notably, other circuits have called

2    into question the reasoning underlying these cases. For instance, in *Urnikis-Negro v. American*

3    *Family Property Services*, 616 F.3d 665 (7th Cir. 2010), although ultimately applying the FWW

4    calculation on other grounds, the Seventh Circuit held that 29 C.F.R. section 778.114 was not

5    applicable to misclassification cases noting that the rule "is forward looking." *Id.* at 677. Thus,

6    the Court finds that application of the FWW method in misclassification cases cannot be justified

7    on the basis of 29 U.S.C. section 778.114.

8    Other circuit courts, like the Seventh Circuit in *Urnikis-Negro*, have instead held that the

9    FWW method can be used retroactively in misclassification cases on the basis of the Supreme

10   Court's decision in *Missel*. Specifically, the Seventh Circuit explained that *Missel* applied because

11   the district court "unequivocally determined that [plaintiff's] wage was intended to compensate

12   her not for 40 hours per week or some other fixed number of hours, but for any and *all* hours that

13   she worked in a given week." *Id*. at 681 (emphasis in original). Thus, the Seventh Circuit held

14   that under *Missel*, the appropriate method for calculating damages is the FWW method. *Id.*; *see*

15   *also Ransom v. M. Patel Enters., Inc.*, 734 F.3d 377, 384–87 (5th Cir. 2013); *Lamonica v. Safe*

16   *Hurricane Shutters, Inc.*, 711 F.3d 1299, 1311 (11th Cir. 2013); *Desmond v. PNGI Charles Town*

17   *Gaming, L.L.C.*, 630 F.3d 351, 354–57 (4th Cir. 2011) (approving use of *Missel* without

18   disavowing use of section 778.14).

---

[6] Furthermore, the cases supporting the use of section 778.114 to justify application of the FWW method in misclassification cases do not provide any sound reason for doing so. The courts in *Clements* and *Valerio* both rely on the Fourth Circuit's decision in *Bailey v. Georgetown*, 94 F.3d 152 (4th Cir. 1996) in finding that 29 C.F.R. section 778.114 can apply to misclassification cases. *Bailey*, however, did not address remedial payments to misclassified employees. *Id.* at 153–54. Rather, it involved a challenge from properly classified non-exempt employees who argued that their employer improperly applied the FWW method rather than the conventional overtime calculation. *Id.* at 156–57. Neither *Clements* nor *Valerio* explain why *Bailey*'s analysis is applicable in a misclassification case such as this. *See also Russell*, 672 F. Supp. 2d at 1015 (discussing *Bailey*, *Clements*, and *Valerio*). The Fifth Circuit in *Blackmon* provides no discussion whatsoever, and just assumes without explanation that 29 C.F.R. section 778.114 applies. *Blackmon*, 835 F.2d at 1138–39.

1    The Court respectfully disagrees with such a reading, and none of these cases is binding on

2    this Court.[7]  As discussed above, the Supreme Court in *Missel* did not address the applicability of

3    the FWW method to misclassification cases such as this.  Rather, *Missel*'s central holding was that

4    the "act was designed to require payment for overtime at time and a half the regular pay, where

5    that pay is above the minimum, as well as where the regular pay is at the minimum."  *Missel*, 316

6    U.S. at 578.  *Missel* further held that in situations where the employment contract is "for a weekly

7    wage with variable or fluctuating hours," the regular rate of pay is calculated by dividing the

8    employee's wage by the number of hours actually worked each week.  *Id.* at 579–80.  In

9    connection with this discussion, *Missel* stated that parties *can*, under the FLSA, agree to a certain

10   compensation structure in which the employee receives a fixed weekly wage for regular contract

11   hours worked and "fifty per cent additional for the hours actually worked over the statutory

12   maximum."  *Missel*, 316 U.S. at 581.  In other words, *Missel* held only that such an agreement

13   would not violate the FLSA.  As the court in *Russell* explained:

> [*Missel*] stated that an employer and employee could legally agree, in certain circumstances, to a compensation arrangement where the employee would be paid a flat weekly rate for fluctuating hours.  However, to satisfy [the FLSA], the agreement must contain a provision for overtime pay and the wage must be sufficient to satisfy minimum wage requirements and offer a premium of at least 'fifty per cent for the hours actually worked over the statutory maximum.'

*Russell*, 672 F. Supp. 2d at 1011 (citing *Missel*, 316 U.S. at 581).  Thus, such an arrangement can

---

[7] Additionally, several of the cases that applied the FWW method on the basis of *Missel* are distinguishable from the case at bar.  In *Urnikis-Negro*, for instance, the employee was a real estate appraiser, whose job was "task-oriented" and whose "hours were likely to fluctuate with the volume of the firm's appraisal business."  *Urnikis-Negro*, 616 F.3d at 667–68.  In *Ransom*, applicants for the job at issue were specifically asked whether they could work a "flexible schedule" where "days and number of hours scheduled is different each week."  *Ransom*, 734 F.3d at 383.  By contrast, there is no dispute that plaintiff here was expected to be at work no less than forty hours in any regular workweek, and the week-to-week variation comparatively minimal.  *See Blotzer*, 2012 WL 6086931, at *12 ("The FWW was intended to apply to 'fluctuating' work schedules, i.e. schedules in which an employee endures long hours some weeks but enjoys the benefit of short hours in other weeks, all at the same rate of pay.").

The Eleventh Circuit in *Lamonica* was faced with a distinct issue.  There, the jury had issued a verdict in favor of plaintiffs, and found that the FWW method did not apply.  Defendants appealed challenging the district court's failure to instruct the jury on the FWW method.  *Lamonica*, 711 F.3d at 1311.  The Eleventh Circuit there held that because the "jury instructions actually given allowed the jury to effectively apply the fluctuating workweek method, [it] cannot conclude that Appellants were prejudiced by the refusal to give more specific instructions."  *Id.*

United States District Court
Northern District of California

only be by agreement between the employer and the employee, and otherwise, the default requirements of the FLSA would apply.  *See Missel*, 316 U.S. at 580 n.16 ("Wage divided by hours equals regular rate.  Time and a half regular rate for hours employed beyond statutory maximum equals compensation for overtime hours.").  Such a reading of *Missel* is consistent with the text of 29 C.F.R. section 778.114, which provides that the Act permits alternative compensation agreements "if the amount of the salary is sufficient to provide compensation to the employee at a rate not less than the applicable minimum wage rate for every hour worked in those workweeks in which the number of hours he works is greatest, and if he receives extra compensation, in addition to such salary, for all overtime hours worked at a rate not less than one-half his regular rate of pay."  In the misclassification context, however, no such agreement could have existed.  *See Wallace v. Countrywide Home Loans Inc.*, No. 08-CV-1463-JST, 2013 WL 1944458, at *7 (C.D. Cal. Apr. 29, 2013); *Russell*, 672 F. Supp. 2d at 1014.  Thus, there would be no occasion to apply the FWW method in the first place.

Other courts have similarly found that the FWW method simply cannot logically apply in misclassification cases because an agreement between the parties to calculate overtime premiums in such a manner would not have existed.  *See, e.g.*, *Costello v. Home Depot USA, Inc.*, 944 F. Supp. 2d 199, 207–08 (D. Conn. 2013); *Wallace*, 2013 WL 1944458, at *7; *Hasan v. GPM Investments, LLC*, 896 F. Supp. 2d 145, 149–50 (D. Conn. 2012); *Blotzer*, 2012 WL 6086931, at *9–12; *Zulewski*, 2013 WL 633402, at *5; *Russell*, 672 F. Supp. 2d at 1014; *Scott v. OTS Inc.*, No. 02-CV-1950-AJB, 2006 WL 870369, at *13 (N.D. Ga. Mar. 31, 2006); *Cowan v. Treetop Enters.*, 163 F. Supp. 2d 930, 942 (M.D. Tenn. 2001); *Rainey v. Am. Forest & Paper Ass'n, Inc.*, 26 F. Supp. 2d 82, 99–102 (D.D.C. 1998).  The cases cited by defendants presume that the "employees possessed a clear understanding that their fixed compensation—which did not provide for overtime premiums—was for all hours worked."  *Zulewski*, 2013 WL 633402, at *4.  However, such a "clear understanding" cannot exist where the agreement is based on the false premise that the employee is not entitled to any overtime.  The court in *Blotzer* found similarly:  "In a misclassification case, at least one of the parties initiated employment with the belief that the employee was exempt from the FLSA, paid on a salary basis, and therefore not entitled to

9

1   overtime. . . . The parties do not have a 'clear, mutual understanding' that a fixed salary will be paid for 'fluctuating hours, apart from overtime premiums' because the parties have not contemplated overtime pay." *Blotzer*, 2012 WL 6086931, at *10.

Moreover, as several courts have noted, if defendants' position here were adopted, "an employer, after being held liable for FLSA violations, would be able unilaterally to choose to pay employees their unpaid overtime premium under the more employer-friendly of the two calculation methods." *Russell*, 672 F. Supp. 2d at 1014. "Given the remedial purpose of the FLSA, it would be incongruous to allow employees, who have been illegally deprived of overtime pay, to be shortchanged further by an employer who opts for the discount accommodation intended for a different situation." *Id.*; *see also Zulewski*, 2013 WL 633402, at *5 (noting that retroactive application of the FWW method "incentivizes employers to misclassify their employees by minimizing damages in the unlikely event that they are sued"). Such a result would violate the very spirit of what the FLSA intended to achieve.

Accordingly, the Court finds that the proper measure of damages here is the conventional method, calculating overtime wages as one and one-half of the employee's regular rate. 29 U.S.C. § 207(a) (requiring that employers pay employees at a rate "not less than one and one-half times the regular rate at which" employee is employed for hours worked in excess of forty hours).

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** plaintiff's motion and **DENIES** defendants' cross-motion. The proper measure of damages, if any, in this action would be one and one-half of plaintiff's regular rate, should the Court ultimately determine that he is not exempt.

Trial in this matter shall be set in the spring of 2017. A trial setting conference shall occur on **Monday, January 9, 2017** at **2:00 p.m.** Updated case management statements, including trial calendars, shall be filed timely.

This Order terminates Docket Number 97.

**IT IS SO ORDERED.**

Dated: December 12, 2016

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

10