GREGORY A. DOUGLAS, ESQ. (SBN 147166)
JAMIE A. McCRARY, ESQ. (SBN 287023)
LAW OFFICES OF GREGORY A. DOUGLAS
5500 Bolsa Ave., Ste. 201
Huntington Beach, CA  92649
Tel.:  (562) 252-8800
Fax:   (562) 256-1006
greg@gdouglaslaw.com

Attorneys for Plaintiff(s)
VICTOR BOYCE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNA

| | |
|---|---|
| VICTOR BOYCE, an individual,<br><br>　　　　Plaintiff,<br><br>v.<br><br>INDEPENDENT BREWERS UNITED CORPORATION AND NORTH AMERICAN BREWERIES, INC., PYRAMID BREWERIES, INC. and DOES 1-30, inclusive,<br><br>　　　　Defendant(s). | Case No. 4:15-cv-002263-YGR<br><br>Honorable Yvonne Gonzalez Rogers<br><br>**PLAINTIFF'S [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW**<br><br>Trial Date:　　February 27, 2017 |

The Court, after having heard all the testimony, considering all the evidence, and listening to the arguments presented by counsel for Plaintiff VICTOR BOYCE (hereinafter "Plaintiff") and Defendants INDEPENDENT BREWERS UNITED CORPORATION and NORTH AMERICAN BREWERIES, INC. (hereinafter "Defendants") at the trial of the above-captioned matter, hereby makes the following Findings of Fact and Conclusions of Law pursuant to Federal Rules of Civil Procedure Rule 52:

## INTRODUCTION.

This was an employment action for alleged unpaid overtime under the Fair Labor Standards Act. ("FLSA")

Defendants operated the former Pyramid Brewery in Berkeley, California. Plaintiff was the Manager of the Berkeley Brewery Production, Drafts and Warehouse/Shipping Departments, until the brewery ceased operations due to quality issues in September 2013. Plaintiff claimed that during the relevant claim period (June 10, 2012 to September 27, 2013), he was misclassified as an exempt employee and seeks to recover unpaid overtime. Defendants dispute Plaintiff's claims and maintain that Plaintiff was properly classified as an exempt employee under the Executive Exemption and is thus not entitled to any overtime pay.

1. **PLAINTIFF'S CASE.**

    A. **Findings of Fact re: Plaintiff's Case.**

    **EXECUTIVE EXEMPTION.**

    a. **Salary.**

    1. Plaintiff was compensated on a salary or fee basis at a rate in excess of $455 per week.

    b. **Primary Duty.**

    2. Plaintiff's primary duty during the relevant period, as defined by 29 U.S.C. § 541.700, was not management of the enterprise in which he was employed or a customarily recognized department or subdivision thereof.

    3. During the relevant claim period, IBU's Management instructed Plaintiff to fill in for hourly machine operators to allow them to take meal and rest breaks.

    4. During the relevant claim period, IBU's Management was aware that Plaintiff filled in for hourly machine operators to allow them to take meal and rest breaks on nearly every workday.

    5. Keeping the bottling line running/operating was the most crucial part of the

Breweries operation.

6. Plaintiff's exempt work was not more important than his work filling in for his subordinates as a filler on the bottling line.

7. During the relevant claim period, Plaintiff's most important duty and the most crucial part of Pyramid's operation was maintaining the production on the bottling line.

8. During the relevant period, Plaintiff spent as much as six (6) to eight (8) hours per workday filling in for hourly machine operators to allow them to take meal and rest breaks.

9. During the relevant period, Plaintiff filled in as a machine operator for subordinates who were absent the entire day.

10. When Plaintiff was filling in for hourly subordinates he was not able to manage.

11. When Plaintiff was filling in for hourly subordinates he was a machine operator.

12. When Plaintiff was filling in for hourly subordinates as a machine operator, the filler machine was filling up to 580 bottles a minute and required Plaintiff's undivided attention to the operation of the machine.

13. During the relevant claim period, it was IBU's policy that Plaintiff could not use his cell phone while he was filling in for hourly machine operators to allow them to take meal and rest breaks.

14. When Plaintiff was filling in for hourly subordinates as a machine operator, he was required to wear ear plugs due to the high decibel levels the machines generated.

15. During the relevant period, Plaintiff was involved in maintenance to the Brewery building that included knocking out concrete, painting, pouring concrete, repairing pipelines, repairing windows, and demolition of a building.

16. During the relevant period, Plaintiff performed duties in maintaining the warehouse that included cleaning, inventory control, inspections, painting, loading, and operating forklifts.

17. During the relevant period, Plaintiff spent far less time performing exempt duties than he did filling in for hourly subordinates as a machine operator.

18. During the relevant period, Plaintiff was highly supervised by the Plant Manager Eduardo Perez.

19. During the relevant period, Plaintiff's minimum "mandatory schedule" was Monday through Friday, 6:30 a.m. to 4:30 p.m.

20. During the relevant period, Plaintiff arrived at work between 6:00 a.m. and 6:30 a.m. Monday through Friday.

21. During the relevant period, Plaintiff worked later than 4:30 p.m. almost every workday day.

22. During the relevant period, Plaintiff worked at a minimum until the production line ended.

23. During the relevant period, Plaintiff spent approximately one (1) hour of set up prior to the operation of the production line.

24. During the relevant period, Plaintiff spent approximately one (1) hour of tear down/clean up following the completion of the production line.

25. During the relevant period, Plaintiff had a company cell phone and was on-call after regular working hours Monday through Friday.

26. During the relevant period, Plaintiff periodically worked on weekends.

27. During the relevant period, Plaintiff periodically worked on weekends on a Costco re-pack project.

   **c.   Directed Work.**

28. During the relevant period, Plaintiff customarily and regularly directed the work of two or more other employees.

      **d.**    **Hire or Fire.**

29. During the relevant period, Plaintiff did not have the authority to hire or fire other employees.

      **e.**    **Suggestions and Recommendations.**

30. During the relevant period, Plaintiff's suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees were not given particular weight.

      **f.**    **Management.**

31. During the relevant period, Plaintiff occasionally sat in on open-panel interviews.

32. During the relevant period, Plaintiff trained some employees but did not select employees.

33. During the relevant period, Plaintiff did not set or adjust the rates of pay of other employees.

34. During the relevant period, Plaintiff did not set the hours of work of other employees.

35. During the relevant period, Plaintiff, did not recruit any employees.

36. During the relevant period, Plaintiff did not engage in the function of planning IBU's business operations.

37. During the relevant period, Plaintiff oversaw but did not direct the work of other employees.

38. During the relevant period, Plaintiff did not maintain production records or sales records for use in supervision or control.

39. During the relevant period, production was based on a preset schedule developed by management.

40. During the relevant period, Plaintiff did not appraise employees' productivity and efficiency for the purpose of recommending promotions or other changes in status.

41. During the relevant period, Joleen Grady modified Plaintiff's Performance Appraisals of other employees and ultimately Ms. Grady recommended promotions or other changes in employees' status.

42. During the relevant period, Plaintiff did not handle employee complaints and grievances.

43. During the relevant period, Plaintiff did not directly or unilaterally discipline other employees.

44. During the relevant period, either Eduardo Perez or Joleen Grady directed any discipline to other employees.

45. During the relevant period, Plaintiff did not plan the work.

46. During the relevant period, Marliss Sears prepared the production schedules.

47. During the relevant period, Plaintiff did not determine the techniques to be used in the production of Defendants' products.

48. During the relevant period, the techniques to be used were determined by the standard machine operation procedures.

49. During the relevant period, Plaintiff did not apportion the work among other employees.

50. During the relevant period, the work of other employees was apportioned/determined according to the production schedules prepared by Marliss Sears.

51. During the relevant period, Plaintiff did not determine the type of materials, supplies, machinery, and equipment or tools to be used or merchandise to be bought stocked or sold.

52. During the relevant period, Plaintiff did not control or have any input regarding the flow and distribution of material or merchandise and supplies.

53. During the relevant period, Sandy Ford controlled the distribution of the products and merchandise.

54. During the relevant period, Plaintiff was not in charge of providing for the safety and security of the employees or the property.

55. During the relevant period, Plaintiff attended safety meetings and signed in as an attendee.

56. During the relevant period, the safety meetings were run by either Sandy Bigeloe and/or Joleen Grady.

57. During the relevant period, Plaintiff had no input or any involvement in planning or controlling the budget.

58. During the relevant period, Plaintiff had no input or any involvement in monitoring or implementing legal compliance measures.

    **f.**     **Concurrent Duties.**

59. During the relevant period, Plaintiff was a working supervisor whose primary duty was performing nonexempt work on the production/bottle filling line.

**B. Conclusions of Law re: Plaintiff's Case.**

    **a.**     **General**

60. "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

61. "The provisions of section 206 . . . and section 207 of this title shall not apply with respect to-(1) any employee employed in a bona fide executive, administrative, or professional capacity . . . ." 29 U.S.C. § 213(a)(1).

62. "The term 'employee employed in a bona fide administrative capacity' in section 13(a)(1) of the Act shall mean any employee: (1) is compensated on a salary basis at a rate of not less than $455 per week; (2) has as a primary duty management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof; (3) customarily and regularly directs the work of two or more other employees; and (4) has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees are given particular weight.

63. "An employer who claims an exemption from the FLSA has the burden of showing that the exemption applies." Donovan v. Nekton, Inc., 703 F.2d 1148, 1151 (9th Cir. 1983).

   **b. Obligation to Pay Overtime.**

64. All work over forty hours a week must be compensated at one and one-half times the employee's regular rate of pay. 29 U.S.C. §207(a)(1).

65. An exemption from overtime exists for persons employed in a bona fide administrative capacity. 29 U.S.C. §213(a)(1).

66. The employer bears the burden of proving the exemption. *Donovan v. Nekton*, Inc., 703 F.2d 1148, 1151 (9th Cir. 1983).

67. Exemptions are to be narrowly construed against the employer seeking to assert it and only an employee "plainly and unmistakably" within the exemption will be denied overtime. *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493 (1945).

- **The Executive Exemption:** Under 29 C.F.R. § 541.100, an employee is exempt from the FLSA's overtime requirement under the Executive Exemption if the employee: (1) is compensated on a salary basis at a rate of not less than $455 per week; (2) has as a primary duty management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof; (3) customarily and

regularly directs the work of two or more other employees; and (4) has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees are given particular weight.

68. The employer must prove each element of the exemption. Mitchell v. Williams, 420 F.2d 67, 69 (8th Cir. 1969).

69. Job titles and descriptions are not determinative. The actual job duties must be examined. Martin v. Indiana Michigan Power Co., 381 F.3d 574, 586 (6th Cir. 2004).

70. The term "primary duty" means the principal, main, major or most important duty that the employee performs. 29 C.F.R. §541.700(a).

71. The fact that a job function is important to the employer does not mean that job function is exempt. Desmond v. PNGI Charles Town Gaming, LLC, 564 F.3d 688 (4th Cir. 2009)

- **Hours Worked**

72. Defendants' Trial Exhibit 1087 contains an accurate summary of the start and end times denoted in the production/packaging/draft line reports.

73. During the relevant period, Plaintiff worked in excess of forty (40) hours in one or more workweeks.

74. During the relevant period, Plaintiff's minimum "mandatory schedule" was Monday through Friday, 6:30 a.m. to 4:30 p.m.

75. During the relevant period, Plaintiff arrived at work between 6:00 a.m. and 6:30 a.m. Monday through Friday.

76. During the relevant period, Plaintiff worked later than 4:30 p.m. almost every workday day.

77. During the relevant period, Plaintiff worked at a minimum until the production line ended.

78. During the relevant period, Plaintiff spent approximately one (1) hour of set up time prior to the operation of the production line.
79. During the relevant period, Plaintiff spent approximately one (1) hour of tear down/clean up time following the completion of the production line.
80. During the relevant period, Plaintiff had a company cell phone and was on-call after regular working hours Monday through Friday.
81. During the relevant period, Plaintiff periodically worked on weekends on a Costco re-pack project.

**Damages.**

- **Plaintiff is Entitled to Overtime Compensation**

82. Defendants failed to carry their burden of proof that Plaintiff was properly classified as an exempt employee under the Executive Exemption set forth in 29 C.F.R. § 541.100.
83. Plaintiff is entitled to a judgment in his favor and against Defendants on his claims for unpaid overtime.
84. Plaintiff is entitled to overtime compensation for all hours worked in excess of forty (40) hours in any and all workweeks during the relevant period at the rate of one and one-half Plaintiff's regular rate of pay. 29 U.S.C. § 207.
85. Overtime is calculated based on the employee's "regular rate". 29 U.S.C. § 207.
86. The regular rate is calculated by reducing Plaintiff's annual salary to its weekly component and dividing that number by 40.

- **Attorney's Fees**

87. In addition to a judgment for unpaid overtime, Plaintiff is entitled to recover reasonable attorney's fees from Defendants. 29 U.S.C. § 216 (b).

- **Costs**

88. In addition to a judgment for unpaid overtime, Plaintiff is entitled to recover costs of the action. 29 U.S.C. § 216 (b).

- **Liquidated Damages**

89. In addition to a judgment for unpaid overtime, Plaintiff is entitled to recover Liquidated Damages. 29 U.S.C. § 216 (b).

90. An employer who violates the Act shall be liable to the employee affected in the amount of the unpaid overtime compensation and an additional equal amount as liquidated damages. 29 USC § 216(b)

91. Liquidated damages are compensatory, not punitive in nature. Equal Employment Opportunity Comm'n v. First Citizens Bank, 758 F.2d 397, 403 (9th Cir. 1985)

92. A district court can decline to award liquidated damages only after making findings of fact demonstrating good faith and reasonableness. Martin v. Cooper Elec. Supply Co., 940 F.2d 896, 907 (3rd Cir. 1991).

93. The employer bears the burden of showing that the violation was in good faith and that it had reasonable grounds for believing no violation took place. EEOC v. First Citizens, 758 F.2d at 403.

94. A court may decline to award liquidated damages or reduce those damages only if the employer makes an affirmative showing that it took positive actions to comply with the Act. Id.

95. The employer has an affirmative duty to ascertain and meet the FLSA's requirements, including proper classification of employees. Martin v. Indiana Michigan Power Co., 381 F.3d 574, 586.

96. Conclusory assertions by the employer that it believed it was in compliance with the Act do not establish good faith. Id.

97. Legal arguments justifying the violation do not constitute affirmative efforts to comply with the Act. Alvarez v. IBP, Inc. 399 F.3d 894, 910. (9th Cir. 2003).

98. The fact that employees have not complained of the violation does not demonstrate the employer acted in good faith when failing to pay overtime. Martin Cooper v. Elec Supply Co., 940 F.2d 908.

99. Defendants have failed to carry their burden of proof that they acted in

good faith or took positive actions to comply with the FLSA when they failed to pay Plaintiff overtime. The Plaintiff shall recover an amount in liquidated damages equal to his unpaid overtime.

Dated: January 26, 2017                    LAW OFFICES OF GREGORY A. DOUGLAS

                                           By:    /s/Gregory A. Douglas
                                                  Gregory A. Douglas
                                                  Jamie A. McCrary
                                                  Attorneys for Plaintiff
                                                  VICTOR BOYCE